### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

**JOSHUA LOFTIN**                                                          **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO. 2:20-CV-62-KS-MTP**

**CITY OF PRENTISS, MISSISSIPPI,** *et al.*                        **DEFENDANTS**

#### ORDER

For the reasons below, the Court **grants** Defendants' Motion for Attorney's Fees [91]. Defendant shall file a detailed fee request supported by appropriate documentation within two weeks of the entry of this order. Plaintiff will then have two weeks to respond to the fee request, and then Defendant will have one week to reply.

#### I. BACKGROUND

This is a § 1983 case arising from an arrest after a shooting in Prentiss, Mississippi. The Court discussed its background in a Memorandum Opinion and Order [88] entered on May 12, 2021. The Court granted Defendant's Motion for Summary Judgment [72], holding that Defendants had probable cause to arrest Plaintiff for aggravated assault based on what they knew at the time of the arrest, and that Plaintiff had failed to demonstrate that the arrest was objectively unreasonable. Accordingly, the Court granted summary judgment as to Plaintiff's Fourth Amendment, Fourteenth Amendment, and malicious prosecution claims, and it entered a Final Judgment [89] in Defendants' favor. Defendants then filed a Motion

for Attorney's Fees [91], which the Court now addresses.

## II. DISCUSSION

42 U.S.C. § 1988 provides: "In any action or proceeding to enforce a provision

of [42 U.S.C. § 1983], the court, in its discretion, may allow the prevailing party, other

than the United States, a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C.

§ 1988(b). [1] "[P]revailing defendants cannot recover § 1988 fees without

demonstrating that the plaintiff's underlying claim was frivolous, unreasonable, or

groundless." *Merced v. Kasson*, 577 F.3d 578, 595 (5th Cir. 2009). "When considering

whether a suit is frivolous, a district court should look to factors such as whether the

plaintiff established a *prima facie* case, whether the defendant offered to settle, and

whether the court held a full trial." *Myers v. City of W. Monroe*, 211 F.3d 289, 292 (5th

Cir. 2002). "Frivolity determinations are done on a case-by-case basis," and the "fact

that a claim may be legally insufficient to require a trial does not, for that reason

alone, make the claim groundless or without foundation." *Blanchard-Daigle v. Geers*,

802 F. App'x 113, 121 (5th Cir. 2020). The Fifth Circuit has "generally affirmed

attorney's fee awards when the plaintiff's claims lack a basis in fact or rely on an

indisputably meritless legal theory." *Id.*

Plaintiff's entire case rested on the premise that his assertion of self-defense

precluded the existence of probable cause. As the Court noted in its previous opinion,

the Fifth Circuit has expressly declined to address whether "facts supporting the

---

[1] Although Plaintiff asserted a state-law malicious prosecution claim, Defendants did not request
fees under the Mississippi Litigation Accountability Act. *See* MISS. CODE ANN. § 11-55-5.

2

existence of an affirmative defense are relevant to the determination of probable

cause." *Piazza v. Mayne*, 217 F.3d 239, 246-47 (5th Cir. 2020). Therefore, the Court

concludes that Plaintiff's case did not rely on an indisputably meritless legal theory,

given the Fifth Circuit's reticence to address whether facts supporting an affirmative

defense are relevant to an arresting officer's determination of probable cause.

The case's factual basis is a different matter. As the Court previously noted,

Defendants had no reason to believe that the gun they recovered from the scene

belonged to Plaintiff's victim, Dontarious Walker, given their experience with the

gun's apparent owner, Javarious McInnis. Plaintiff also admitted to the officers that

he had shot Walker, and bystanders identified Plaintiff as the shooter. At the time of

the arrest, Plaintiff's bald assertion of self-defense was the only indication

Defendants had that Plaintiff had not actually committed a crime. However, an

arresting officer is entitled to credit some evidence, while disbelieving the arrestee's

version of events. *Cooper v. La Porte Police Dep't*, 608 F. App'x 195, 200 (5th Cir.

2015).[2] Therefore, the Court finds that Plaintiff's case lacked a factual basis, in that

---

[2] See also *Mabry v. Lee County*, 100 F. Supp. 3d 568, 574 (N.D. Miss. 2015) (where witness statements conflicted on question of selfdefense, officer's failure to consider witness statements did not demonstrate that probable cause was lacking); *Turner v. Criswell*, 2020 WL 1901086, at *6 (E.D. Tex. Jan. 6, 2020) (where there were facts within the officer's knowledge supporting conclusion that plaintiff had committed aggravated assault, plaintiff's version of events was not sufficient to conclusively establish self-defense and remove probable cause); *Abbott v. Town of Livingston*, 2018 WL 3430690, at *5 (M.D. La. July 16, 2018) (where officer received conflicting accounts of domestic incident, it was not objectively unreasonable for him to conclude that plaintiff was the predominant aggressor and arrest him, in spite of plaintiff's conflicting version of events); *Lewis v. Locicero*, 2017 WL 3928117, at *3 (M.D. La. Sept. 7, 2017) (officer had probable cause to arrest even if he had considered plaintiff's claim that he had a prescription for contraband); *Townsend v. Tregre*, 2016 WL 6403224, at *2 (E.D. La. Oct. 28, 2016) (in spite of conflicting evidence, there was probable cause to arrest plaintiff for aggravated assault).

the undisputed facts clearly demonstrated that Defendants had probable cause to arrest Plaintiff for aggravated assault. Accordingly, his claims – which relied on the premise that he was arrested without probable cause – were frivolous.

Plaintiff argues that Defendants' failure to file a motion to dismiss indicates that his claims were non-frivolous. He is mistaken. A defendant's failure to file pretrial motions "should not be seen as conclusively establishing that [the plaintiff's] claims were not frivolous." *Myers*, 211 F.3d at 292. Regardless, on a motion to dismiss, the Court must accept a plaintiff's allegations as true, regardless of the evidence. *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010). Defendants eventually filed a motion for summary judgment, which the Court granted.

It also appears to be undisputed that Defendant made no settlement offers, but Plaintiff notes that Defendants' counsel approached his counsel about scheduling a settlement conference. As Defendants' counsel noted in the correspondence, the Court generally requires parties to hold at least one settlement conference prior to the completion of discovery. *See, e.g.* Case Management Order [15], at 1. Counsel's attempt to comply with the Court's orders is hardly an indication that the case had merit. Regardless, the Court relieved the parties of the ADR requirement upon Defendants' request. *See* Order [68]. Moreover, the Court declines to hold that a defendant merely broaching the topic of settlement *ipso facto* renders a case non-frivolous.

4

### III. CONCLUSION

The Court **grants** Defendants' Motion for Attorney's Fees [91]. Defendant shall file a detailed fee request supported by appropriate documentation within two weeks of the entry of this order. Plaintiff will then have two weeks to respond to the fee request, and then Defendant will have one week to reply.

SO ORDERED AND ADJUDGED this 27th day of July, 2021.

/s/     Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE
