# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

JOSHUA LOFTIN                                                                PLAINTIFF

VS.                                CIVIL ACTION NO.: 2:20-cv-00062-KS-MTP

THE CITY OF PRENTISS, MISSISSIPPI, ET AL.             DEFENDANTS

## MUNICIPAL DEFENDANTS' FEE REQUEST

By order dated July 27, 2021, Doc. No. 100, this Court granted Municipal Defendants' motion for prevailing-party attorney's fees. So the question presented now is: What amount of fees should Municipal Defendants be awarded?

"The linchpin" for answering this question "is the lodestar calculation," which is a multiplication of reasonable rates by the number of hours reasonably expended. *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011). Each is addressed in turn.

### Rates

Rates are calculated based on "the prevailing market rates in the relevant community." *Id.* at 381 (quoted case omitted). They are not, by contrast, based on what rate the client actually paid under a fee arrangement. *Payne v. USM*, 2016 WL 698130, *4 (S.D. Miss. 2016) (Starrett, J.). Affidavits from other attorneys and awards in comparative cases guide the inquiry. *See Jackson Women's Health Org. v. Currier*, 2019 WL 418550, *2 (S.D. Miss. 2019).

A reasonable rate for Attorney Butler is $325.00. Butler's educational background and experience is listed in his declaration attached as Exhibit A, including: graduating among the top of his law school class, serving as Editor-in-Chief of the Law Review, publishing legal scholarship, clerking on the Fifth Circuit, defending Section 1983 cases for 12 years, including jury trials and on appeal, serving as amicus counsel in civil rights cases before the Fifth Circuit

and United States Supreme Court, teaching law school courses, and training municipal employees and police departments.

A reasonable rate for Attorney Bland is $225.00. Bland's firm biography is attached as Exhibit B, but portions of her educational background and experience include: graduating *summa cum laude* from law school, serving as Executive Articles Editor for two law journals, interning for the Mississippi Supreme Court, clerking on the Fifth Circuit, defending Section 1983 cases for two years, serving as appellate counsel in multiple cases in the Fifth Circuit and Mississippi Supreme Court, including Section 1983 cases, and serving as amicus counsel in civil rights and constitutional cases in the Mississippi Supreme Court and the United States Supreme Court. *See also* Butler Declaration, Ex. A (addressing Attorney Bland's practice experience).

A reasonable rate for Paralegal Debra Hardwick is $125.00. Hardwick began working in the legal field in 1986, began performing paralegal work in 1991, obtained a Paralegal Studies Program Certificate of Completion from the University of Mississippi in 1993, became a certified paralegal through the National Association of Legal Assistants in 1994, and has been a member of Mississippi Paralegal Association for the past 15 years. *Id.*

Each rate is supported by the declaration of Attorney Michael J. Bentley, a litigation partner at the Bradley firm. *See* Ex. C. He opined that the market rate for Attorney Butler is actually higher, specifically $350.00. *Id.* Bentley has an excellent legal reputation, as shown by the biography included with his declaration. *Id.* He has litigated Section 1983 cases in trial courts, appellate courts, and the United States Supreme Court. *Id.*

Case law confirms the proffered rates. One example is *Payne*, 2016 WL 698130 at *4, where this Court assigned rates of $300, $200, and $95 in a Section 1983 case decided over five years ago. Another example is *Express Oil Change, LLC v. Mississippi Board of Licensure for*

*Professional Engineers and Surveyors*, 2020 WL 7345661, *5 (S.D. Miss. 2020), where, in a First Amendment case, the court assigned a rate of $325 to Partner Michael Bentley and $225 to an associate attorney with a Fifth Circuit clerkship. A final example is *Anderson v. City of McComb*, 2016 WL 4261777, *4 (S.D. Miss. 2016), where Judge Lee assigned a $375 hourly rate to Attorney Dennis Sweet in a Section 1983 false arrest case that was litigated five years ago.

## **Amount of Hours**

Plaintiff Joshua Loftin filed this civil case in March of 2020 following the prosecution's decision not to re-try him criminally. *See* Doc. Nos. 73 & 85. The criminal case involved a detailed investigation, grand jury indictment, two-day jury trial, and extensive post-trial proceedings after the initial conviction. *Id.* Loftin's civil theory was that he had been wrongfully prosecuted, so undersigned counsel had to investigate the underlying criminal proceedings. *Id.*

The discovery period in this case lasted approximately eight months. *See* Docket *generally*. During that time, both Municipal Defendants and Loftin propounded interrogatories and requests for production of documents, Municipal Defendants executed five subpoenas, took two depositions and defended six, filed three discovery motions and participated in one hearing, produced 442 total documents, and reviewed approximately 280 pages of documents produced by Loftin. *Id.*; *see also* Butler Affidavit, Ex. A. The discovery was necessitated by Loftin suing three different defendants and bringing multiple claims. *See* Doc. No. 1. Among his allegations were that Chief Bullock was out to get him because he got Bullock fired over 20 years ago and that he suffered from emotional distress due to Municipal Defendants' actions. *Id.* Undersigned

counsel was required to dig into Bullock's past employment to expose Loftin's lie and to obtain and review Loftin's 227-page diary for purposes of addressing his supposed emotional distress.[1]

Following discovery, undersigned counsel filed a summary-judgment motion as well as a motion to exclude Loftin's law enforcement expert. *See* Doc. Nos. 72 & 74. Briefing of the motions included detailed analysis, supported by extensive research. *See* Doc. Nos. 73, 75, 85, & 86. The end result was that Loftin's case was dismissed in full, without need to consider the motion to exclude. Doc. No. 88. Thereafter, Municipal Defendants filed a motion for prevailing-party attorney's fees, and it was granted. Doc. No. 100

Exhibit D provides defense counsel's contemporaneous billing entries for this case prior to the fee application. In all, the time expended breaks down as follows:

Attorney Butler: 156.75 hours;

Attorney Bland: 157.5 hours; and

Paralegal Hardwick 46.5 hours.

Prior to the fee application, the fee amount totals $92,193.75. For the fee application, Attorney Butler had an additional 6.5 hours, and Attorney Bland had an additional 2.5 hours. *See* Butler Declaration, Ex. A. These additional hours are compensable. *See Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996). The total fees after the fee application equal $94,868.75.

### Costs

"All reasonable out-of-pocket expenses, including charges for photocopying, paralegal assistance, travel, and telephone, are plainly recoverable in section 1988 fee awards because they are part of the costs normally charged to a fee-paying client." *Associated Builders &*

---

[1] Counsel was required to comb through this journal twice because the first production was heavily redacted by Loftin, and an unredacted version was requested after entry of a protective order. Loftin originally stated that only embarrassing material would be redacted, but, in reality, over half of the journal, including the only mention of Municipal Defendants, was redacted.

*Contractors of La., Inc. v. Orleans Par. Sch. Bd.*, 919 F.2d 374, 380 (5th Cir. 1990) (citations omitted). Exhibit A sets forth Municipal Defendants' costs, which total $1,083.75. Municipal Defendants previously were awarded costs for transcripts, *see* Doc. No. 96, and those costs are not duplicated in this request. The costs sought here are for mileage, meals, postage, copies, telephone long distance, UPS, a hotel charge, and costs associated with obtaining Loftin's tax records and records from the Mississippi Department of Employment Security. *See* Butler Declaration, Ex. A.

## Ultimate Award

The total award based on the sections above comes to $95,952.50. But undersigned counsel is cognizant of the obligation to exercise "billing judgment." *See Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996). As such, the following self-reductions are being made:

- $9,219.38 for "block billing, which is a 'time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks.'" *See Hendrix v. Evergreen Hauling*, 2019 WL 138160, *3 (N.D. Miss. 2019) (quoted case omitted). This constitutes a 10% reduction of the pre-application fees, even though no reduction at all is necessary if counsel establishes that block billing was done with billing judgment in mind. *Id.* (reducing award due to block billing "because Hendrix's counsel failed to establish that he exercised billing judgment"). Absent participating in depositions and drafting briefs, a review of undersigned counsel's time entries does not indicate the type of significant chunks of time that courts frown upon when reducing awards for block billing. *See, e.g., Jackson*, 2019 WL 41855 at *10 (explaining that small block billing entries "did not interfere with the Court's review"). Nonetheless, undersigned counsel self imposes a 10% reduction for reasonableness purposes. *See Hendrix*, 2019 WL 138160 at *3 ("Courts have generally reduced block-billed entries between 10 to 30%.").

- $1,593.75 for travel, since "it is customary for travel time for any attorney receiving an award of fees and expenses to be billed at a reduction of up to 50% of the attorney's regular billing rate." *See Norman Place, LP v. AA Communications, Inc.*, 2009 WL 10715518, *1 (N.D. Miss. 2009). Exhibit D reflects trips to Prentiss by Attorney Butler on June 11, 2020, October 26, 2020, October 27, 2020, March 3, 2021, and March 4, 2021. The first trip was for an initial factual investigation meeting, and the others were related to depositions.

After reductions, undersigned counsel requests the following in reasonable fees and costs: $85,139.37. Undersigned counsel has attempted to be as fair and thorough as possible, understanding that this Court is not obligated "to comb through [voluminous] pages of billing entries[,]" *see Payne*, 2016 WL 698130 at *2, since "[t]he essential goal in shifting fees is to do rough justice, not to achieve auditing perfection." *See Fox v. Vice*, 563 U.S. 826, 838 (2011). In comparable cases, which involved less litigation and a less favorable result for the client, greater amounts have been awarded. *E.g.*, *Express Oil Change, LLC*, 2020 WL 7345661 (awarding $192,532.25 in attorneys' fees in case litigated through summary judgment and appeal); *Crawford v. Hinds Cty.*, 2020 WL 1683458 (S.D. Miss. 2020) (awarding $76,625.90 in attorneys' fees following <u>partial</u> summary judgment and settlement); *Lighthouse Rescue Mission, Inc. v. City of Hattiesburg, Miss.*, 2014 WL 1653108 (S.D. Miss. 2014) (awarding $148,682.41 in attorneys' fees in case that settled following summary-judgment briefing); *see also Joiner v. City of Columbus*, 2016 WL 55336 (N.D. Miss. 2016) (awarding $65,560 in attorneys' fees in case where plaintiff accepted offer of judgment following some initial discovery but before depositions).

## CONCLUSION

For these reasons, Municipal Defendants request an award of $85,139.37 in reasonable fees and costs.

Dated: August 10, 2021.

                              Respectfully submitted,

                              PHELPS DUNBAR, LLP

                              BY:   */s/ G. Todd Butler*
                                         G. Todd Butler, MB # 102907
                                         Mallory K. Bland, MB # 105665
                                         4270 I-55 North

- 6 -

PD.34756222.1

Jackson, Mississippi 39211-6391
Post Office Box 16114
Jackson, Mississippi 39236-6114
Telephone: 601-352-2300
Telecopier: 601-360-9777
Email: butlert@phelps.com
blandm@phelps.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify that, on August 10, 2021, I had this document electronically filed with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to all counsel of record.

*/s/ G. Todd Butler*
G. Todd Butler